UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANNI PAOLA GARCIA-ABURTO (A-221-370-657), | No. 1:26-cv-3270 DAD CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ERNESTO SANTACRUZ, et al., | |
| Respondents. | |

Petitioner Jovanni Paola Garcia-Aburto (A-221-370-657), a native and citizen of Mexico who entered the United States without inspection in 1996 when she was four years old, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On March 24, 2026, petitioner was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") officers. This habeas action concerns petitioner's March 24, 2026 detention. For the reasons that follow, the Court recommends that respondents' motion to dismiss be denied, the petition for writ of habeas corpus be granted and respondents be ordered to provide petitioner with a bond hearing within seven days of the adoption of these findings and recommendations.

///

---

[1] Petitioner paid the filing fee and is proceeding through counsel. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.   FACTUAL BACKGROUND[2]

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 1996 when she was four years old, and has resided in the United States continuously since that time. (ECF No. 1 at 5.) On March 22, 2026, the Las Vegas Metropolitan Police Department arrested petitioner for driving under the influence. (ECF No. 6 at 6-7.) These charges are currently pending. (Id. at 7.) On March 24, 2026, petitioner was released from the custody of the Clark County Detention Center to ICE. (Id. at 6.) On March 24, 2026, petitioner was arrested and detained by ICE. (Id.) This was petitioner's first interaction with ICE following her entry into the country in 1996. (Id.) Petitioner was not provided with a pre-deprivation hearing prior to her detention. (ECF No. 1 at 5-6.) Petitioner has not requested a bond hearing because she contends it would be futile as immigration judges are denying bond hearings for lack of jurisdiction. (Id.)

## II.   PROCEDURAL BACKGROUND

On April 28, 2026, petitioner, through counsel, filed her verified petition for writ of habeas corpus. (ECF No. 1.) On May 11, 2026, respondents filed a motion to dismiss. (ECF No. 6.) On May 11, 2026, petitioner filed an opposition to the motion to dismiss. (ECF No. 7.) Respondents did not file a reply to petitioner's opposition. (See Docket.) Briefing is now complete.

## III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 11.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondents do not dispute petitioner's factual allegations. (See ECF No. 6.)

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner alleges that she has been detained for over one month with no bond hearing. (ECF No. 1 at 5-6.) Petitioner challenges her continued detention based on violation of the Immigration and Nationality Act ("INA"). (Id. at 8-9.) Respondents argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and she is ineligible for a bond hearing. (ECF No. 6 at 1-2.) Respondents do not argue that petitioner is detained pursuant to § 1226(c) on any criminal grounds. (See ECF No. 6.)

### A.    Statutory Claim (Claim One)

The issue here is whether petitioner, who has lived in the United States since 1996, is detained pursuant to § 1226(a), as petitioner contends, or whether petitioner is subject to mandatory detention under § 1225(b)(2), as respondents argue. 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing. 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz, 53 F.4th at 1196. Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Id. (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances

3

materially change." Id. at 1202.  Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).  Respondents contend § 1225(b)(2) applies because petitioner is an "applicant for admission" and therefore subject to mandatory detention.  (ECF No. 6 at 1-2.)

This Court concludes that § 1226(a) applies to petitioner.  This Court agrees with and joins the majority of courts nationwide, including the Eastern District of California, in rejecting respondents' new interpretation[3] of Sections 1225 and 1226.  See Rodriguez Vazquez v. Bostock, 802 F. Supp. 3d 1297, 1303, 1328-30 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough analysis, that "the government's [interpretation of § 1225] belies the statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); J.S.

---

[3]  Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.  See Rodriguez Diaz, 53 F.4th at 1196.

v. Wofford, No. 1:25-CV-02016 DC SCR, 2026 WL 125258, at *1, *3-5 (E.D. Cal. Jan. 16, 2026), findings and recommendations adopted, 2026 WL 297304 (E.D. Cal. Feb. 4, 2026) (finding § 1226(a) applicable to immigration detainee who lived in the United States for approximately 33 years before being detained by ICE).

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country." Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). This Court incorporates and adopts the thorough and persuasive reasoning of the district court in Lepe, 2025 WL 2716910, at *3-9.

Following the majority of courts, this Court also rejects the government's new interpretation of 8 U.S.C. § 1225(b)(2)(A) and their contention that petitioner is an "applicant for admission" subject to § 1225(b)(2). This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner has resided in this country for approximately 30 years and petitioner's March 2026 detention was not upon her arrival to the United States. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)). If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release. Rodriguez Diaz v. Garland, 53 F. 4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). As such, petitioner should have been provided a bond hearing before her detention and is entitled to relief on her statutory claim. See also Cajina v. Wofford, 2025 WL 3251083, at *1, 6 (E.D. Cal. Nov. 21, 2025) (ordering petitioner's immediate release and enjoining and restraining respondents from re-

detaining petitioner absent a pre-detention hearing, despite petitioner being charged with driving under the influence ("DUI")); Nolasco-Gomez v. Noem, 2025 WL 3514758, at *1 n.1, 2 (D. Nev. Dec. 8, 2025) (granting preliminary injunction, requiring a bond hearing under § 1226(a), enjoining the government from denying release on bond based on § 1225(b)(2), and if bond is granted, ordering petitioner's immediate release, despite petitioner being arrested for DUI); Tinoco v. Noem, 818 F. Supp. 3d 1141, 1152-54 (E.D. Cal. 2025) (granting temporary restraining order and ordering petitioner's immediate release, and ordering respondents to show cause why preliminary injunction should not be issued on the same terms, despite petitioner's arrest for DUI and subsequent conviction to wet reckless driving).

## V.    REMEDY

As relief, petitioner requests immediate release from custody.  (ECF No. 1 at 9.) Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a), this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy.  See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez, 779 F. Supp. 3d at 1263 (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]"); see also J.S. v. Wofford, 2026 WL 125258, at *8 (ordering bond hearing where no prior release on bond pursuant to § 1226(a)); Cresencio Sandoval Alvarez v. Warden, 2026 WL 913250, at *3 (E.D. Cal. Apr. 3, 2026) (same).  The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding.  See J.S. v. Wofford, 2026 WL 297304, at *2 (E.D. Cal. Feb. 4, 2026); 8 C.F.R. §§ 236.1(d)(1), 1003.19; Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19)).  At this hearing, "[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the community."  J.S. v. Wofford, 2026 WL 297304, at *2 (where petitioner not previously released by immigration authorities or subject to prolonged detention, granting bond hearing where petitioner bears burden of proof), adopting findings and recommendations,

2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026).

**VI.    RESPONDENTS' MOTION TO DISMISS**

For the reasons set forth above, respondents' motion to dismiss (ECF No. 6) should be denied.

**VII.    CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted. Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  Respondents' motion to dismiss (ECF No. 6) be DENIED.

3.  Respondents be ordered to provide petitioner Jovanni Paola Garcia-Aburto (A-221-370-657) with a bond hearing within **seven days** of the adoption of these findings and recommendations where petitioner has the burden to demonstrate that she is not a flight risk or danger to the community.  Petitioner shall be allowed to have her counsel present at the bond hearing.

4.  If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions at the time of release.

5.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 22, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Abur3270.157.imm.bond/2

7