UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOVANNI PAOLA GARCIA-ABURTO,

Petitioner,

v.

ERNESTO SANTACRUZ et al.,

Respondents.

No.  1:26-cv-03270-DAD-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DENYING MOTION TO DISMISS, AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 6, 8, 9)

Petitioner Jovanni Paola Garcia-Aburto, A-File No. 221-370-657, is a federal immigration detainee proceeding through counsel on a petition for writ of *habeas corpus*.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 22, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of *habeas corpus* (Doc. No. 1) be granted and respondent's motion to dismiss (Doc. No. 6) be denied.  (Doc. No. 8.)  Specifically, the magistrate judge found that petitioner's detention violates the Immigration and Nationality Act ("INA").  (*Id.* at 3–6.)  The magistrate judge further concluded that the appropriate remedy under the circumstances was to order a bond hearing pursuant to 8 U.S.C. § 1226(a) because petitioner

1

had no encounters with Immigration and Customs Enforcement ("ICE") prior to her arrest on or about March 24, 2026.  (*Id.* at 6.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 7.)  On May 25, 2026, respondents filed objections to the pending findings and recommendations.  (Doc. No. 11.)  Respondents' objection consists of a single sentence that "Respondents respectfully object to the findings and recommendations for the reasons stated in their Motion to Dismiss Petition for Writ of Habeas Corpus." (*Id.* at 1.)  This objection does not serve as a basis to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis to the extent that they conclude that petitioner's detention violates the INA.  However, the court declines to adopt the findings and recommendations as to the recommended remedy.

Here, respondents have solely argued that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2).  Petitioner has resided in the United States since 1996 and was arrested by ICE in Las Vegas, Nevada on or about March 24, 2026.  (Doc. No. 1 at ¶ 8.)  As the magistrate judge concluded, similarly situated individuals can only be detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b).  However, because respondents have unlawfully detained petitioner pursuant to § 1225(b) and provide no alternative detention authority to justify keeping petitioner in custody, the court concludes that the appropriate remedy under the circumstances is to order petitioner's immediate release rather than a bond hearing.  *See Valencia Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026); *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026).

For the reasons above,

1. The findings and recommendations filed on May 22, 2026 (Doc. No. 8) are ADOPTED IN PART;

2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner, Jovanni Paola Garcia-Aburto, A-File No. 221-370-657, from respondent's custody;

   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

3. Respondents' motion to dismiss (Doc. No. 6) is DENIED;

4. Petitioner's motion for a temporary restraining order (Doc. No. 9) is DENIED as having been rendered moot by this order granting her petition for writ of *habeas corpus* on the merits;

5. The Clerk of the Court is directed to serve the California City Correctional Center with a copy of this order; and

6. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 26, 2026**                    _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE